## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| William Herbert McCladdie,<br><br>   Petitioner,<br> v.<br><br>Warden of Evans Correctional Institution,<br><br>   Respondent. | Case No. 6:22-cv-01192-RMG<br><br>**ORDER AND OPINION** |

  This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 36), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 29) be granted. Petitioner objected to the R & R. (Dkt. No. 38). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's Motion for Summary Judgment.

**I. Background**

  Petitioner is an incarcerated person proceeding *pro se* to seek habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner was convicted on charges of burglary in the first degree, possession of tools capable of being used in a crime, and possession of a stolen vehicle. Petitioner was sentenced to concurrent terms of fifteen years imprisonment for burglary, ten years for possession of tolls capable of being used in a crime, and five years for possession of a stolen vehicle.

  After his criminal trial, Petitioner filed a *pro se* application for post-conviction relief ("PCR") raising three grounds: (1) ineffective assistance of trial counsel for failing to file an appeal on time, (2) lack of subject matter jurisdiction based on "sham indictments," and (3) that his sentence was illegal because it exceeded and/or did not coincide with his charge. With the State's consent and at the request of Petitioner's appointed counsel, the PCR court found the Petitioner

1

did not waive his right to a direct appeal, dismissed the Petitioner's PCR application, and granted the Petitioner a belated review of any direct appeal issues.

The Petitioner then filed a direct appeal to the South Carolina Court of Appeals who remanded the matter to the circuit court to determine whether the Petitioner voluntarily waived any additional PCR claims by pursuing a belated appeal before adjudicating his PCR claims on the merits. The circuit court held the Petitioner did not waive his other PCR claims and ordered a full hearing on the Petitioner's PCR application. The Petitioner's direct appeal was held in abeyance pending resolution of his PCR claims.

Petitioner then filed an amended PCR application alleging the following claims of ineffective assistance of trial counsel: (1) trial counsel failed to object to the trial court's instructions emphasizing the truth-seeking function of the jury; (2) trial counsel failed to object to hearsay testimony from a police officer regarding what a witness told the officer that alerted the officer's suspicions; (3) trial counsel failed to object to hearsay testimony from a police officer regarding what a witness told the officer concerning the ownership of property; (4) trial counsel actually elicited hearsay testimony concerning missing property (5) trial counsel failed to object to hearsay from a witness regarding what another witness told her; (6) trial counsel did not object to a police officer testifying that pry marks found on a door "were lining up" with a pry bar recovered from the scene where the officer was not qualified as an expert to give such testimony; (7) trial counsel did not request an instruction on direct and circumstantial evidence and did not join in the State's request. The PCR dismissed Petitioner's amended PCR application on the merits.

The Petitioner timely appealed the PCR ruling and moved to consolidate his PCR appeal with his direct appeal. As to the direct appeal, the Court of appeals affirmed the trial court's denial of Petitioner's motion for directed verdict. As to the PCR appeal, the court denied certiorari.

Petitioner filed the instant § 2254 petition, raising four grounds for relief. In Ground One, Petitioner asserts his trial was unfair due to defects in his arrest warrants and indictments. In Ground Two, the Petitioner asserts the following claims of ineffective assistance of trial counsel: (a) failed to quash indictments, (b) failed to object to hearsay testimony, (c) elicited hearsay testimony, (d) failed to object to trial court's instructions emphasizing the jury's truth-seeking function, and (e) failed to request an instruction on direct and circumstantial evidence or join in the State's request. In Ground Three, the petitioner asserts trial counsel was ineffective for failing to file the Petitioner's direct appeal on time. In Ground Four, the Petitioner asserts he was denied due process because he was not Mirandized by an officer and because his PCR judge was the same judge as his criminal trial.

The Magistrate Judge issued an R & R recommending summary judgment for Respondents. (Dkt. No. 36). Petitioner timely filed objections to the R & R. (Dkt. No. 38). The matter is now ripe for the Court's review.

## II.  Standard

### A.  Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight leaving the responsibility to make a final determination with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R where there are specific objections. Fed. R. Civ. P. 72(b)(2). Where there are no specific objections to the R & R., the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72 advisory committee's note; see also *Camby v.*

*Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

B.  **Motion for Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inference and ambiguities in favor of the nonmoving party." *HealthSouth Rehabilitation Hosp. v. Am. Nat. Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

C.  **Federal Habeas Relief Pursuant to 28 U.S.C. § 2254**

1.  **Standard for Relief**

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102. (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fair minded jurists could disagree that those argument or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

  2. **Procedural Default**

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the

5

state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawerence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### 3. Ineffective Assistance of Counsel

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose results is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court

must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787-88; *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]'" . . . [e]stablsihing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.* In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.*

Courts are reluctant to characterize tactical or strategic decisions by trial counsel as ineffective assistance. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). A "strong presumption" exists that counsel's actions were the function of trial tactics and not "sheer neglect." *Harrington*, 131 S. Ct. at 790. This rule, however, is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2nd Cir. 2009) (omissions based upon "oversight, carelessness, ineptitude or laziness" cannot be explained as "trial strategy"); *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (a strategic choice made without a professionally competent investigation of the Petitioner's options is "erected upon . . . a rotten foundation" and is not entitled to deference).

### III. Discussion

After careful review of the R & R, Petitioner's objections and the record on summary judgment, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Petitioner's petition should be denied.

The Magistrate Judge correctly found that Grounds One, Four, and Two (a), (d), and (e) were procedurally barred. Ground One is procedurally barred because Petitioner failed to raise this ground in his direct appeal or in his amended PCR appeal. Ground Two (a), (d), and (e) are procedurally barred because Petitioner did not present any of those issues in his amended PCR appeal. Ground Four is procedurally barred because Petitioner failed to raise the issue on his PCR application or on PCR appeal.

The Magistrate Judge also correctly found that Ground Two (b), trial counsel's failure to object to hearsay testimony, and Ground Two (c), trial counsel's eliciting of hearsay testimony, do not entitle Petitioner to habeas corpus relief. The Magistrate Judge correctly noted that whether to raise an objection is a tactical decision employed by trial counsel, that federal habeas courts are required to presume counsel's tactical decisions fell within the wide range of reasonable professional judgment, and that Petitioner failed to show how trial counsel's decision not to object to the hearsay statements was unreasonable. The Magistrate Judge also correctly noted that Petitioner could not show any prejudice from any of the hearsay statements because the jury heard the same information from the original source later in the trial.

The Magistrate Judge also correctly found that Ground Three, trial counsel's failure to timely file a direct appeal, does not entitled Petitioner to habeas corpus relief. As discussed above, Petitioner was eventually allowed to raise his direct appeal and thus cannot show any prejudice from trial counsel's error.

Accordingly, the Court adopts the R & R as the order of the court and denies Petitioner's petition.

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are procedurally barred and that no exception applies. Therefore, a Certificate of Appealability is denied.

## V.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 36) as the Order of the Court and **GRANTS** Respondent's Motion (Dkt. No. 29). The Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254 and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>Richard Mark Gergel<br>United States District Judge

December 12, 2022
Charleston, South Carolina